UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. VON VILLAS, | No. 2:20-cv-2094 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. ALTSCHULER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and paid the court's filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II. Plaintiff's Complaint

Plaintiff challenges the rules violation report ("RVR") he incurred for fighting. Plaintiff claims there was no evidence to support such finding, and that plaintiff was denied witnesses, the right to produce exculpatory evidence, and an impartial hearing officer. Plaintiff also alleges that false and biased chronos were presented during his Institutional Classification Committee ("ICC") hearing, denying plaintiff an opportunity to mount a defense, due process, an impartial

////

panel, and a reasoned ICC decision. Plaintiff seeks, *inter alia*, money damages, reinstatement of his lost good time and work time credits, and expungement of the RVR.

III. Rules Violation Report

    A. Legal Standards

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-51 (2004). However, "challenges to disciplinary proceedings are barred by Heck only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. July 26, 2016) (en banc), citing Muhammad, 540 U.S. at 754-55. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Id.; see, e.g., Pratt v. Hedrick, 2015 WL 3880383, *3 (N.D. Cal. June 23, 2015) (§ 1983 challenge to disciplinary conviction not Heck-barred where "the removal of the rule violation report or the restoration of time credits" would not necessarily result in a speedier release for inmate with indeterminate life sentence and no parole date).

    Specifically, where the claim involves the loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the

administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas), cert. denied, 541 U.S. 1063 (2004); see also Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble v. City of Santa Rosas, 49 F.3d 583, 586 (9th Cir. 1995). Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

B. Discussion

Here, plaintiff alleges that he was subjected to a disciplinary proceeding that was based on false information, and that he was subjected to a hearing in which proper procedures were not followed, resulting in the loss of good time and work credits. Because plaintiff seeks damages for his loss of such credits, any such claim for damages is barred by the favorable termination rule of Heck because a judgment in favor of plaintiff on his claim will necessarily imply the invalidity of the disciplinary action, and plaintiff has not demonstrated that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See e.g., Cox v. Clark, 321 Fed. App'x 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim pursuant to Balisok to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); McCoy v. Spidle, 2009 WL 1287872, *7-*8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits.").

IV. Institutional Classification Committee Hearing

A. Legal Standards

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish

that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.

A prisoner does not have a right to a particular classification or custody level under the Due Process Clause. See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (" '[A] prisoner has no constitutional right to a particular classification status.' ") (quoting Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).). Inmates do not have a right to be housed in any particular prison. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protect by the Due Process Clause is implicated in a prison's reclassification and transfer decisions).

B. Discussion

It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum, 427 U.S. at 225; Montayne v. Haymes, 427 U.S. 236, 242 (1976). Accordingly, plaintiff does not have a liberty interest in being housed in any particular prison or to any particular classification. Therefore, he cannot state a due process claim based on his classification hearing.

V. Leave to Amend

Based on plaintiff's allegations, it appears that plaintiff's claims should be dismissed without prejudice. However, in an abundance of caution, the court grants leave to file an amended complaint. Plaintiff is not required to amend, but if he chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some

affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: April 14, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vonv2094.14

6

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  | ROBERT A. VON VILLAS,              | No. 2:20-cv-2094 KJN P
12  |         Plaintiff,                 |
13  |    v.                              | NOTICE OF AMENDMENT
14  | J. ALTSCHULER, et al.,             |
15  |         Defendants.                |
16
17      Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19           _____        Amended Complaint
    DATED:
20
21                                         _____
                                           Plaintiff
22
23
24
25
26
27
28